IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:20-cr-121 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| FURIOUS CARNEY, | : | |
| Defendant. | : | |

## ORDER DENYING MOTION FOR BOND (DOC. 18) AND MOTION FOR TEMPORARY RELEASE TO ATTEND FUNERAL (DOC. 23)

This case is before the Court on the Motion for Bond (Doc. 18) and Motion for Temporary Release to Attend Funeral (Doc. 23) filed by Defendant Furious Carney. Mr. Carney seeks an order permitting his release from detention pending the resolution of this matter and, more immediately, his temporary release from detention to attend his grandmother's funeral on Monday, February 8, 2021. The Government opposes both Motions. (Doc. 18.) As discussed below, Mr. Carney has not rebutted the presumption under 18 U.S.C. § 3142(e)(3) that no condition or combination of conditions will reasonably assure his appearance as required and the safety of the community. The Court therefore **DENIES** the Motion for Bond and Motion for Temporary Release.

### FACTS

On October 7, 2020, a federal grand jury charged Mr. Carney with one count of distribution and attempt to distribute a controlled substance in violation of 21 U.S.C. §§

841(a)(1), 841(b)(1)(C), and 846. (Doc. 1.) The Indictment specifically alleges that, on May 31, 2020, within the Southern District of Ohio, Mr. Carney "did knowingly and intentionally distribute and attempt to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, fentanyl, a Schedule II controlled substance, and acetyl fentanyl, a Schedule I controlled substance." (*Id.* at 1.) It is further alleged that two people died from using the mixture and substance distributed by Mr. Carney. (*Id.*)

On November 3, 2020, Magistrate Judge Stephanie K. Bowman entered an Order of Detention Pending Trial upon the Government's motion pursuant to 18 U.S.C. § 3142(f)(1). In the Order, Magistrate Judge Bowman noted that, in addition to the findings made on the record at the detention hearing, Mr. Carney was to be detained because of the following factors:

- Subject to lengthy period of incarceration if convicted
- Prior criminal history
- Participation in criminal activity while on probation, parole, or supervision
- History of violence or use of weapons
- Prior failure to appear in court as ordered
- Prior violations of probation, parole, or supervised release
- On active probation
- A pending failure to appear

(Doc. 14 at PageID# 34-36.)

On January 18, 2021, Mr. Carney filed the Motion for Bond now before the Court.

Prior to the completion of the briefing on that motion, however, Mr. Carney filed the Motion for Temporary Release to attend his grandmother's funeral on February 8, 2021. On February 2, 2021, the Government filed a memorandum in opposition to both Motions. (Doc. 24.)

## LEGAL STANDARD

The Court reviews a magistrate judge's detention order *de novo*. See *United States v. Yamini*, 91 F. Supp. 2d 1125, 1127-30 (S.D. Ohio 2000). The factors relevant to determining whether a defendant may be released on bond are: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the danger the defendant's release would pose to any person or the community. 18 U.S.C. § 3142(g).

Where, as here, there is probable cause to believe the defendant committed a drug crime under the Controlled Substances Act, 21 U.S.C. § 801 et seq., for which he could be required to serve 10 or more years in prison, there is a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the defendant's appearance at court proceedings and the safety of the community. 18 U.S.C. 3142(e)(3)(A); *see also United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985) (grand jury's indictment is sufficient to establish probable cause that defendant committed drug crime for which he is charged).

## ANALYSIS

Here, the rebuttable presumption of detention under § 3142(e)(3) and relevant factors under § 3142(g) require that Mr. Carney remain detained pending trial in this matter.

### A. The Nature and Circumstances of the Offense Charged

The nature and circumstances of the alleged offense are serious. Mr. Carney is charged with illegally distributing substances containing cocaine, fentanyl and acetyl fentanyl, which caused the deaths of two people. If convicted, he faces a mandatory term of imprisonment of 20 years to life imprisonment. This factor weighs against Mr. Carney's release.

### B. The Weight of the Evidence Against the Defendant

Based on the discovery produced by the Government, Mr. Carney's counsel has deduced that his arrest was based exclusively on an interview with a witness who attended a party with the victims. The witness admitted to using drugs with the victims and identified Mr. Carney as the alleged dealer. The witness was questioned by officers about his failure to call 911 on the night in question and for leaving the party without helping the victims, even though he knew they were unresponsive after using the drugs. The witness stated that he panicked, rationalized that he was okay, and admitted that he simply hoped for the best. Mr. Carney's counsel asserts that this witness's role and possible involvement in the offense was never investigated after he identified Mr. Carney as the drug dealer. His counsel further argues that, other than the testimony of this witness, the evidence linking him to the crime is negligible.

In response, the Government asserts that the gravity of the witness's testimony should not be underestimated. He personally witnessed the sale of drugs by Mr. Carney to the two victims who died that night. In addition, the Government asserts that DNA evidence found on the piece of paper sold to the victims matched Mr. Carney's DNA.

The combination of the witness's testimony and the DNA evidence weighs heavily against Mr. Carney's release. If the testimony were not corroborated by such compelling physical evidence, then Mr. Carney would have a stronger argument. That, however, is not the situation before the Court.

### C. The History and Characteristics of the Defendant

Mr. Carney has a lengthy criminal history. His counsel notes that most of his offenses, however, were juvenile adjudications. As an adult, he has had only two felony contacts with the criminal justice system—a weapons offense in Hamilton County, Ohio and a drug trafficking offense in Boone County, Kentucky. His other adult convictions include a misdemeanor and various traffic offenses.

While Mr. Carney's counsel places his criminal record in the best possible light, he is only 24 years old. From age 13 through age 18, he was regularly adjudged delinquent in juvenile proceedings, including for burglary, carrying a concealed weapon, and possession of marijuana and heroin. He was charged with the felonies in Hamilton County and Boone County at age 18.

In Hamilton County, Mr. Carney was charged with felonious assault, having weapons while under disability, and carrying concealed weapons. After a jury trial, however, he was found guilty only of the unlawful possession charges and sentenced to

four and a half years imprisonment.

In Boone County, Mr. Carney was convicted of drug trafficking (heroin) and received a five-year *suspended* sentence, along with five years of probation and 180 days imprisonment. The 180 days was served concurrently with his weapons offense in Hamilton County. Mr. Carney currently remains on probation in Boone County. His probation officer has not lodged a holder or detainer, instead waiting for the resolution of the instant federal charge.

Mr. Carney's counsel notes that, outside of the instant offense, his only other contact with the criminal justice system in the last five plus years involved a traffic citation. While that is true, Mr. Carney was incarcerated from 2015 until August 2019. This charge in this case dates back to May 2020, less than a year after his release from prison.

Mr. Carney's counsel also notes that he is a lifelong resident of the Greater Cincinnati area with strong family ties to the community. Before his incarceration, he resided with his grandmother, who raised him as a child. His family and friends speak highly of his character and efforts to rehabilitate himself. Before Mr. Carney's arrest on the instant offense, he was working two jobs to support himself and his family.

In response, the Government argues that Mr. Carney's lengthy criminal history involving drugs and firearms and non-compliance with court orders compels his detention in this case. Of particular relevance, Mr. Carney was on supervised release in Boone County when he allegedly committed the offense charged in the Indictment. He has also failed to appear for court appearances in the past—three as a juvenile and one as

an adult in a case currently pending in Boone County.

The Court agrees with the Government that Mr. Carney's criminal record weighs heavily against his release. His criminal activity abated only when he was incarcerated. He has failed to appear for court appearances in the past and, as alleged in this case, committed a major violation of the terms of his supervised release. Mr. Carney's counsel argues that his failures to appear related to traffic offenses do not reflect on how he would respond to federal charges. The Court disagrees. The disregard for court orders at any level suggests a lack of respect for the legal process.

Mr. Carney's ties to the community and the support of his family do not diminish the impact of his criminal record. As noted by the Government, Mr. Carney accumulated his criminal record while living with his family in this community. There is no reason to infer that these connections would prevent further criminal conduct. In sum, the history and characteristics of the Defendant weigh against his release.

### D. The Nature and Seriousness of the Danger the Defendant's Release Would Pose to Any Person or the Community

The Court's discussion of the above factors has already touched upon the nature and seriousness of the danger that Mr. Carney's release would pose to the community. His criminal record establishes his past involvement in drug trafficking and the possession of firearms. The lethality of fentanyl and acetyl fentanyl, two of the substances listed in the Indictment, is well-documented. Firearms are lethal weapons. The possibility that Mr. Carney might engage in these criminal activities, either alone or in combination, poses a grave danger to the community.

In conclusion, none of the § 3142(g) factors support Mr. Carney's release on bond in this case. Nor has he rebutted the presumption of detention triggered under § 3142(g).

### E. Defendant's Motion for Temporary Release

The Court is sympathetic to Mr. Carney's loss of a loved one and, in this case, the person who raised him as a child. The Court cannot, however, make an exception to the law and permit his release despite the facts of record. Based on those facts, there are no conditions of release that would assure his appearance as required and the safety of the community. The Motion for Temporary Release therefore must be denied.

### CONCLUSION

For the reasons above, the Court **DENIES** the Motion for Bond and Motion for Temporary Release.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND
