IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:20-cr-121 |
| Plaintiff, | : | |
| | : | Judge Matthew W. McFarland |
| v. | : | |
| FURIOUS SUAVE CARNEY, | : | |
| Defendant. | : | |

ORDER REGARDING SUPPLEMENTAL BRIEFING AND
DEFENDANT'S MOTION FOR BOND (Doc. 42)

This matter is before the Court on several pretrial motions, including Defendant's Motion for Bond. (Docs. 31, 32, 33, and 42.) The final hearing on Defendant's pretrial motions ended on December 16, 2021, with the conclusion of the *Daubert* hearing. At the end of the hearing, the Court indicated that it would entertain post-hearing briefing.

As the Court indicated at the conclusion of the hearing, it does have certain topics it would like the parties to address in the supplemental briefing. However, first the Court wants to confirm that it has clarity as to Defendant's position. As the Court understands Defendant's position, he contends that the DNA evidence in this case should be excluded as unreliable because (1) the validation studies performed do not comport with the July 2020 QAS standards, which Defendant contends are binding on all laboratories, because the mixture study performed on the equipment in 2014 included only two sources and

thus cannot be used to interpret results where more than two sources are present, such as in this case, and (2) the manual binary interpretation method is unreliable because (a) this interpretation method is not supported within the scientific community, and (b) the Hamilton County Crime Lab's DNA interpretation guidelines are too subjective.

In addition to any points or arguments the parties wish to make, the parties should address:

(1) whether the Court properly understands Defendant's position;

(2) whether the mixture study (Ex. D) is a validation study as to the equipment or as to the interpretation of the results; and

(3) whether failure to comport with the QAS standards automatically renders the interpretation unreliable and why.

Accordingly, **IT IS ORDERED** that:

(1) Defendant **SHALL FILE** his post-hearing brief three weeks after the completion of the transcript;

(2) The Government **SHALL FILE** a post-hearing brief two weeks after Defendant's briefing is filed; and

(3) Defendant's Motion for Bond (Doc. 42) is **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
MATTHEW W. McFARLAND
UNITED STATES DISTRICT JUDGE