IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:20-cr-121 |
| Plaintiff, | : | |
| | : | Judge Matthew W. McFarland |
| v. | : | |
| FURIOUS SUAVE CARNEY, | : | |
| Defendant. | : | |

ORDER DENYING DEFENDANT'S
MOTIONS TO SUPPRESS CERTAIN EVIDENCE (Docs. 31, 32)

This matter is before the Court on Defendant Furious Suave Carney's Motion to Suppress Pretrial Identification (Doc. 31) and Motion to Suppress Cell Phone Evidence (Doc. 32).  The Government filed a response to these motions (Doc. 37), and the Court held an evidentiary hearing and oral argument on these motions on October 12, 2021.  For the reasons that follow, the Court **DENIES** these Motions.

**FACTUAL BACKGROUND**

Defendant is charged with distribution and attempt to distribute a controlled substance which resulted in the deaths of A.J. and D.M.  (*See* Indictment, Doc. 1, Pg. ID 10.)  The Government argues that Defendant distributed cocaine, fentanyl, and acetyl fentanyl mixtures to C.M.[1] (also referred to as "CS" (confidential source)), A.J., and D.M.

---

[1] C.M. is the surviving witness.  Defendant also refers to him as "CS" in his briefing.

on May 31, 2021, and as a result of the sale, A.J. and D.M. died. C.M. survived and testified about the events of the night in question during the evidentiary hearing held on October 12, 2021. Further facts are disclosed below as relevant to the pending motions.

## LAW

A motion to suppress is ultimately reviewed for abuse of discretion. *See United States v. Seymour*, 739 F.3d 923, 927 (6th Cir.2014); *United States v. Jenkins*, 4 F.3d 1338, 1341 (6th Cir.1993). Similarly, a decision regarding a motion to disclose the identity of a confidential informant is reviewed for abuse of discretion. *United States v. Moore*, 954 F.2d 379, 381 (6th Cir.1992).

## ANALYSIS

A. **Motion to Suppress Pretrial Identification (Doc. 31)**

Defendant moves to suppress his pretrial identification, which was made by C.M., the surviving witness, in response to being shown a single photograph within five days of the incident by an investigating officer during an interview.

"The Due Process Clause prohibits the use of identification testimony at trial if 'the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.'" *United States v. Simmons*, 633 F. App'x 316, 320 (6th Cir. 2015) (quoting *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968)). The Sixth Circuit applies a two-part test to determine the validity of an identification procedure: (1) the defendant must prove that the identification procedure was impermissibly suggestive and (2) if it was, the court must

decide whether the identification is nevertheless reliable under the totality of the circumstances. *Id.* To that end, courts consider:

> (1) the witness' opportunity to view the suspect; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated by the witness at the time of the identification; and (5) the time between the crime and the identification.

*Id.*

Courts often find that the use of a single photograph is impermissibly suggestive, *see id.* at 320-21, a conclusion that the Government does not strongly contest.

Here, even if the Court presumes that the use of a single photograph was impermissibly suggestive, a review of the pertinent factors shows that the totality of the circumstances render it sufficiently reliable to be presented to the jury. First, the witness had several opportunities during the evening in question to be in close contact and view Defendant. He was with Defendant in a small group of just one or two individuals, in a quiet parking garage, elevator, and bathroom without distractions. The areas were well lit. Second, he was very certain in his identification. It does not appear that the witness hesitated at all when identifying Defendant. Third, the witness made the identification within five days of the events in question, meaning that it was relatively close in time to the events in question. It is unlikely that his memory of the incident and the people associated with it would have faded at that point in time. Fourth, the witness separately provided the unique name of "Furious" and described Defendant's vehicle. While it is true that the witness does not appear to have known Defendant previously, and was perhaps inebriated to some extent for at least a portion of his contact with Defendant,

3

these facts appear to go more to the weight a jury may place on the identification, rather than its admissibility.

Accordingly, the identification is not so suggestive to be unreliable. Defendant's Motion is denied.

**B.     Motion to Suppress Cell Phone Evidence (Doc. 32)**

Defendant argues that the cell phone evidence seized pursuant to a search warrant issued by a Hamilton County Court judge must be suppressed because the warrant violated the Fourth Amendment. (Motion, Doc. 32, at Pg. ID 111-12.) Defendant contends that the warrant provided no nexus between the cell phone and the alleged crime—meaning that the warrant failed to establish probable cause that evidence would be found on the phone. (*Id.* at Pg. ID 112.) Defendant also contends that the good faith exception does not apply because the warrant is "bare bones." (*Id.* at Pg. ID 114-15.)

The Government contends the cell phone search was lawful. First, the Government argues that the officers could have searched the cell phone incident to the arrest. Next, it contends that the warrant provided sufficient information for the issuing judge to find there was a probability that evidence pertaining to criminal activity would be found on the phone. (Response, Doc. 37, Pg. ID 185-86.) The Government argues that cell phones used by dealers often contain contact information of both potential buyers and suppliers, and Defendant texted his number to the surviving witness, which can be reasonably construed as Defendant's attempt to expand his drug network. (*Id.* at Pg. ID 186.)

4

There is no dispute that a search warrant must comply with the Fourth Amendment, which requires that it be supported by probable cause. "[P]robable cause exists 'when there is a fair probability, given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place.'" *United States v. Greene*, 250 F.3d 471, 479 (6th Cir. 2001) (quoting *Davidson,* 936 F.2d at 859). When analyzing whether a warrant is supported by probable cause, "the court analyzes the sufficiency of the affidavit and warrant 'in a commonsense and realistic fashion,' not a 'hypertechnical' one." *United States v. Merriweather*, 728 F. App'x 498, 504 (6th Cir. 2018) (quoting *United States v. Ventresca*, 380 U.S. 102, 109, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965)). "Moreover, review of an affidavit and search warrant should rely on a totality of the circumstances determination, rather than a line-by-line scrutiny." *Id.* (quoting *Greene*, 250 F.3d at 479) (internal quotation marks omitted).

In instances where the warrant affidavit was not supported by probable cause, evidence may still be admissible if it is "obtained in objectively reasonable reliance" on the defective warrant. *United States v. Leon*, 468 U.S. 897, 922 (1984). Generally, this "good-faith exception" to exclusion applies "unless the evidence is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Merriweather*, 728 F. App'x at 504–05 (quoting *United States v. Watkins*, 179 F.3d 489, 494 (6th Cir. 1999)).

To begin, the Government's argument that the search of the cell phone would have been permitted incidental to the arrest is not well-taken. The Supreme Court has made

5

clear that a cell phone cannot be searched simply because it was seized incident to an arrest. *Riley v. California*, 573 U.S. 373, 134 S. Ct. 2473, 2493, 189 L.Ed.2d 430 (2014).

As to the question of probable cause, Defendant likens this situation to that in *United States v. Ramirez*, 180 F. Supp. 3d 491 (W.D. Ky 2016), where the district court suppressed evidence obtained from a cell phone because it concluded that the warrant was not supported by probable cause. In that case, the affidavit stated only that the defendant was arrested for conspiring to possess marijuana with intent to distribute, he possessed a cell phone when he was arrested, and that the arresting officer knew "through training and field experience that individuals may keep text messages or other electronic information stored in their cell phones which may relate them to the crime and/or co-defendants/victim." *Id.* at 494. The court noted that the affidavit did not indicate that the phone may contain records of drug transactions, or any connection that the defendant, his charged crime, or any known information about communications with the particular phone. *Id.* at 495.

Defendant contends that, as in *Ramirez*, the affidavit here provided no nexus between Defendant's cell phone and evidence of drug distribution to the deceased purchasers. Indeed, the deceased allegedly bought the drugs directly from Defendant in person—it was not arranged using a cell phone. Defendant argues that any claim that the phone may contain evidence pertaining to the death investigation is mere speculation, causing the warrant to be a fishing expedition.

The Court disagrees. Here, the warrant in this case contains more information than the warrant in *Ramirez*. It provides four pages of information pertaining to the

6

officers' investigation into the deaths. (Doc. 36 at Pg. ID 171-74.) It specifically alleges that the phone likely contains text messages, data, phone numbers, call logs, and contact names and information "to potential witnesses or suspects. . . ." (*Id.* at Pg. ID 170.) The affidavit notes that based on his experience, the affiant was aware that drug users and traffickers frequently use cell phones to communicate and that those records may provide "information relevant to the investigation of the death of two victims." (*Id.* at Pg. ID 171.) Further, the affidavit notes Defendant sent a text to the surviving witness, and there was also a text sent to Defendant by the surviving witness. (*Id.* at Pg. ID 174.) Finally, the affidavit specifically avers "Affiant knows through experience and past investigations that obtaining the requested information will assist with identifying person(s) that supplied heroin to the victim and/or potential witnesses that can assist with this investigation." (*Id.*)

This information satisfies the standard to support a warrant. Importantly, this Court owes a fair amount of deference to the issuing judge. And the standard for probable cause is a "fair probability" that evidence will be recovered in the suspected place. *See Greene*, 250 F.3d at 479. Unlike the warrant in *Ramirez*, the warrant in this case described in detail the investigation and charges and specifically tied the cell phone between Defendant and at least the surviving witness. It is not unreasonable to infer, as the Government argues, that the text between Defendant and the surviving witness is to further Defendant's drug distribution at a later date. Moreover, the warrant specifically indicated that the phone could contain information pertaining to drug suppliers specific to the transaction that resulted in the deaths or to potential witnesses—information

7

pertinent to the investigation into the deaths in this case. This is sufficient to support the probable cause determination.

However, even if it is not sufficient, the Court finds that the good faith exception applies. The warrant cannot be described as so "bare bones" that a law enforcement officer would be unable to rely on it. The warrant itself is eight pages and contains a substantial amount of detail into the investigation, the facts underlying the charges, and the relevance of the cell phone and the potential information it might hold. Thus, an officer would have been justified in relying on the warrant, believing in good faith that it was supported by probable cause. *See Merriweather*, 728 F. App'x at 504–05.

Accordingly, this Motion is denied.

## CONCLUSION

For the foregoing reasons, Defendant's Motions to Suppress (Docs. 31, 32) are hereby **DENIED**.

**IT IS SO ORDERED.**

> UNITED STATES DISTRICT COURT
> SOUTHERN DISTRICT OF OHIO
>
> By: *[signature]*
> MATTHEW W. McFARLAND
> UNITED STATES DISTRICT JUDGE